ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* to be filed)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* to be filed)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA
Laura.Tejeda@aporter.com (*Pro Hac Vice* to be filed)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Attorneys for Defendants Louise Paris, Ltd.
and Ross Stores, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>LOUISE PARIS, LTD., a New York corporation; ROSS STORES, INC., a California corporation; and DOES 1-10,<br><br>                    Defendants. | Case No.: 2:15-cv-04826 (ODW) (AGRx)<br><br>Hon. Otis D. Wright, II<br><br>**DEFENDANTS LOUISE PARIS, LTD.'S AND ROSS STORES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendants Louise Paris, Ltd. ("Louise Paris") and Ross Stores, Inc. ("Ross") (collectively, "Defendants"), through their undersigned attorneys, hereby answer Plaintiff Standard Fabrics International, Inc. ("Plaintiff")'s Complaint as follows:

## JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff's claims are based on alleged violations of the Copyright Act, but deny the merits of such claims.

2. In response to paragraph 2 of the Complaint, Defendants deny that this Court has federal question jurisdiction under 28 U.S.C. § 1338(b), as Plaintiff has not asserted any claim for unfair competition in this action, but admit that this Court has subject matter jurisdiction over the claims asserted against them in this action, and deny the merits of such claims.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, deny the same.

## THE PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, deny the same.

5. In response to paragraph 5 of the Complaint, (a) Louise Paris denies the allegations contained therein except that it admits that it is a limited liability company organized under the laws of the State of New York with a principal place of business located at 1407 Broadway, Suite 1405, New York, New York 10018, that is doing business in (not with) the State of California, and (b) Ross is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

6. In response to paragraph 6 of the Complaint, (a) Ross denies the allegations contained therein, and states instead that it is a corporation organized

under the laws of the State of Delaware with corporate offices located at 5130 Hacienda Drive, Dublin, California 94568, that is doing business in (not with) the State of California, and (b) Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, deny the same.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

## CLAIMS RELATED TO DESIGN NO. 7489

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, deny the same, and further state that the image contained in paragraph 10 speaks for itself, but that they are without knowledge or information sufficient to form a belief as to whether the image of the "Subject Design" is a true and correct copy of the deposit material submitted to the U.S. Copyright Office in connection with Plaintiff's purported registration of "7489".

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, deny the same.

13. In response to paragraph 13 of the Complaint, Defendants deny all of the allegations contained therein, and further state that they are without knowledge or

information sufficient to form a belief as to whether the image of the "Subject Product" is a true and correct image of a garment allegedly sold by Ross under SKU No. 400127965976, or otherwise, and, therefore, deny the same.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

15. Defendants restate and incorporate by reference their responses to paragraphs 1 through 14 above, as if fully set forth herein.

16. Each Defendant denies the allegations of paragraph 16 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

17. Each Defendant denies the allegations of paragraph 17 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

18. Each Defendant denies the allegations of paragraph 18 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Each Defendant denies the allegations of paragraph 22 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement -

Against All Defendants)

23. Defendants restate and incorporate by reference their responses to paragraphs 1 through 22 above, as if fully set forth herein.

24. Each Defendant denies the allegations of paragraph 24 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

25. Each Defendant denies the allegations of paragraph 25 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Each Defendant denies the allegations of paragraph 28 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief therein, fails to allege facts sufficient to state a claim for relief against Defendants, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that the Complaint, and the purported claims for relief contained therein, is barred (in whole or in part) by Plaintiff's fraud and/or deception in the copyright registration process (which, upon information and belief, includes, among other things, misrepresenting to the U.S. Copyright Office that it is the owner of the Subject Design, and that the Subject Design is an original work of authorship), for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred (in whole or in part)

because of its anti-competitive intent and conduct, its misuse of its purported copyright and its abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of release, waiver, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred because Plaintiff has failed to assert ownership of and identify a valid copyright.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's purported copyright and/or copyright registration is invalid, void and unenforceable.  Among other things, Defendants contend that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

    (a)   the registration for the purported copyright is a collection or compilation registration that contain material that is not original and/or protectable as a matter of law;

(b) the registration for the purported copyright is a collection or compilation registration that contain material originally developed by persons or entities other than Plaintiff; and/or

(c) the registration for the purported copyright is a collection or compilation registrations that contains material found in the public domain.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint because, among other things, Plaintiff is not the owner of the Subject Design.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Subject Design is not an original work of authorship and thus is not entitled to copyright protection.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendants because Defendants did not have access to Plaintiff's Subject Design.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendants because the Accused Product is not substantially similar in overall appearance to the Subject Design.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendants because to the extent Plaintiff may be entitled to any copyright protection in the Subject Design, such protection is extremely thin, and Plaintiff will not be able to establish infringement under the principles governing thin copyrights.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants infringed any copyright interest purportedly held by Plaintiff relating to the Subject Design, which they deny, they did so with innocent intent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by its failure to mitigate damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendants with respect to the Subject Design.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred because it has failed to join indispensable parties, including without limitation, others claiming ownership of or other interests in the purported copyright in the Subject Design, all of whom who are necessary for a complete and full adjudication of Plaintiff's claims, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrine of consent, in that Plaintiff consented to the acts it now complains of, as evidenced by, among other things, its purposeful distribution of copies of the Subject Design into the public domain, and deliberate allowance of such designs to be copied freely outside the United States.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the scenes a faire and/or merger doctrine, in that, among other things, Plaintiff's purported Subject Design is ordinary, commonplace, or standard in the relevant art or industry.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported damages are subject to apportionment — if Plaintiff is entitled to any damages, which it is not, it is only entitled to recover Defendants' profits attributable to the particular complained-of textile print, not the entirety of their profit from the sale of the Subject Product.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to allege additional affirmative defenses as they may become known, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing from Defendants by virtue of its Complaint;

2. That judgment be entered in favor of Defendants, and against Plaintiff;

3. That Defendants be awarded their costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

Dated: July 17, 2015                    ARNOLD & PORTER LLP

By: /s/ Eric D. Mason
ERIC D. MASON
LOUIS S. EDERER
MATTHEW T. SALZMANN
LAURA W. TEJEDA

*Attorneys for Defendants Louise Paris, Ltd. and Ross Stores, Inc.*

# **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury.

Dated: July 17, 2015        ARNOLD & PORTER LLP

By: /s/ Eric D. Mason
ERIC D. MASON
LOUIS S. EDERER
MATTHEW T. SALZMANN
LAURA W. TEJEDA

*Attorneys for Defendants Louise Paris, Ltd. Ross Stores, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July 2015, I filed the foregoing **DEFENDANTS LOUISE PARIS, LTD.'S AND ROSS STORES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Court through this District's CM/ECF system.  Pursuant to Local Rule 5-3.2, the "Notice of Electronic Filing" automatically generated by the CM/ECF at the time the document is filed with the system constitutes automatic service of the document on counsel of record who have consented to electronic service.

Stephen M. Doniger, Esq.
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq.
scott@donigerlawfirm.com
Trevor W. Barrett, Esq.
tbarrett@donigerlawfirm.com
Justin M. Gomes, Esq.
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California  90291

/s/ Eric D. Mason
Eric D. Mason